UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALTON NOLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-22-272-R |
| | ) |
| JIM FARRIS, Warden, | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

## ORDER

As set forth in the court's previous order [Doc. No. 21], Petitioner was permitted to file under seal an exhibit to his Petition for Writ of Habeas Corpus (Petition) [Doc. No. 22], which upon filing, the Court would review to ascertain the propriety of the restricted access. Having reviewed the document [Doc. No. 22-24, filed separately under seal as Doc. No. 23], the court finds it shall remain sealed.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "there is a strong presumption in favor of public access" as the interests of the public are "presumptively paramount" when weighed against those advanced by the parties. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks omitted). This right of access, however, does not extend to exhibits not

admitted into evidence. *See United States v. McVeigh*, 119 F.3d 806, 813-14 (10th Cir. 1997) (affirming district court's sealing of exhibits ruled inadmissible at trial). Here, the sealed document is comprised of exhibits not admitted into evidence at Petitioner's trial, *see* Petition at 93-94,[1] and, as such, it is appropriate that Exhibit 22 to the Petition for Writ of Habeas Corpus [Doc. Nos. 22-24, 23] remain sealed.

To be sure, it is arguable that even though the five exhibits in question were not admitted at the underlying state court trial, they *are* exhibits to the present Petition and should consequently not be shielded from public view on the authority of the *McVeigh* decision. Recognizing, only for discussion purposes, the possible persuasiveness of that argument, the court quite readily concludes that "press [and general public] access to such evidence will not play a significant positive role in the functioning of the [capital habeas] process." *McVeigh*, at 813. Placing these graphic materials on the public record would be immeasurably hurtful to the surviving family members of Petitioner's decapitated coworker, all while accomplishing nothing in the service of public discourse about any of the issues afoot in this case at its present stage. (This is a different issue, of course, from the question of the legal import and evidentiary admissibility of the photographs that *were* received in evidence at the state court trial.)

---

[1] Page citations reference CM/ECF pagination.

IT IS SO ORDERED this 10th day of February, 2023.

_David L. Russell_
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**