# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALTON NOLEN, | |
| Petitioner, | |
| v. | Case No. CIV-22-272-R |
| | Judge David L. Russell |
| CHRISTE QUICK, Acting Warden, Oklahoma State Penitentiary,[1] | Magistrate Judge Gary M. Purcell |
| Respondent. | |

## UNOPPOSED MOTION FOR ORDER AUTHORIZING FEDERAL HABEAS COUNSEL TO REPRESENT PETITIONER IN STATE COURT PROCEEDINGS

Petitioner, Alton Nolen, through undersigned counsel, respectfully requests authorization from this Court for his federal habeas attorneys to represent him in state court post-conviction proceedings. Counsel for Mr. Nolen has contacted counsel for the Respondent, Caroline Hunt, and she has no objection.[2] Such a filing is appropriate to fully exhaust the federal legal claim that Mr. Nolen is intellectually disabled under current diagnostic standards and ineligible to be executed, which includes additional

---

[1] The caption has been updated to reflect that Christe Quick is now Acting Warden of the Oklahoma State Penitentiary. See Fed. R. Civ. P. 25(d).

[2] Counsel for Respondent requested the following language be included: "Respondent recognizes Petitioner has the statutory right to federal counsel in state collateral review proceedings. For this reason, Respondent does not object to this Court's authorization per the statute for present counsel to file a post-conviction application. However, in doing so, Respondent *does* object to any potential future request for a stay of federal proceedings. Respondent further preserves any and all objections and arguments, based on, *inter alia*, non-exhaustion, procedural bar, and lack of diligence."

evidence that has never been presented to the state courts. In support of this request, Mr. Nolen states the following:

### Procedural Background

Mr. Nolen was sentenced to death in Cleveland County District Court on December 15, 2017. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Mr. Nolen's convictions and sentence on direct appeal. *Nolen v. State*, 485 P.3d 829 (Okla. Ct. Crim. App. 2021), *cert denied*, 142 S. Ct. 566 (2021). On January 27, 2022, OCCA denied his application for post-conviction relief and request for an evidentiary hearing.

On April 5, 2022, this Court appointed the Federal Community Defender Office for the Eastern District of Pennsylvania to represent Mr. Nolen in federal habeas corpus proceedings pursuant to 28 U.S.C. § 3599. ECF No. 5.

Mr. Nolen's petition for writ of habeas corpus was filed on January 27, 2023. *See* ECF No. 22.

### Legal Basis for Request

Petitioner's habeas petition includes an exhausted *Atkins* claim, *see* ECF No. 22 at 5-47. Petitioner has also included additional evidence and argument based upon current diagnostic standards, which is the subject of this present request to return to state court. *See id.* at 47-57. The *Atkins* claim based on current diagnostic standards and new evidence has not been exhausted in state court. *See id*. This unexhausted claim involves a substantial violation of Mr. Nolen's federal constitutional right to not be executed, because he is intellectually disabled, and OCCA should be given the opportunity to correct such injustice before this Court may properly grant habeas relief. *See Rhines v.*

*Weber*, 544 U.S. 269 (2005); *Slack v. McDaniel*, 529 U.S. 473 (2000). This unexhausted claim must be raised in a subsequent application for state post-conviction relief.

The OCCA may adjudicate claims on the merits regardless of their procedural posture. *See, e.g.*, *Valdez v. State*, 46 P.3d 703, 710-11 (Okla. Crim. Ct. App. 2002). Even if OCCA does not grant relief or remand for an evidentiary hearing, the denial of the claim will allow federal review. If OCCA finds the claim defaulted, this Court may still hear the claim depending on whether the state default is an enforceable procedural default or can be excused. *See, e.g.*, *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 (10th Cir. 2007); *Mitchell v. Gibson*, 262 F.3d 1036, 1046-47 (10th Cir. 2001). State court exhaustion is an essential prerequisite to these federal determinations.

Undersigned counsel were appointed to represent Mr. Nolen pursuant to 18 U.S.C. § 3599. *See* ECF No. 2 (Mot. for Appointment of Counsel). The relevant portion of that section provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e). In *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009), the Supreme Court recognized that "a district court may determine on a case-by-case basis that it is

appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." That is the case here.

Mr. Nolen's case is fact intensive and has a voluminous record based upon extensive trial proceedings and voluminous mental health records. His trial lasted over a month and followed two separate multi-day competency hearings and multiple dispositional hearings held during the previous two years.

Undersigned counsel is familiar with the records in this case and is responsible for having developed the *Atkins* claim Mr. Nolen now seeks to present in state court. As such, counsel is in the best position to litigate the state post-conviction proceedings in an efficient manner.

## CONCLUSION

For the aforementioned reasons, and in the interest of judicial efficiency, Mr. Nolen respectfully requests this Court to authorize his appointed federal habeas counsel to represent him in state court post-conviction proceedings, as necessary to effectuate the exhaustion of claims raised in his petition for writ of habeas corpus.

                                           Respectfully submitted,

                                           <u>/s/ Hunter S. Labovitz</u>
                                           Hunter S. Labovitz
                                           Katherine Ensler
                                           Assistant Federal Defenders
                                           Federal Community Defender Office
                                                for the Eastern District of Pa.
                                           Suite 545 West, The Curtis
                                           601 Walnut Street
                                           Philadelphia, PA 19106
                                           Telephone: (215) 928-0520
                                           hunter_labovitz@fd.org
                                           katherine_ensler@fd.org

Dated: March 1, 2023

## CERTIFICATE OF SERVICE

I, Hunter Labovitz, hereby certify that on this 1st day of March, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the Court's electronic case filing system. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jennifer L. Crabb, Assistant Attorney General, Attorney for Respondents

Caroline E.J. Hunt, Assistant Attorney General, Attorney for Respondents

/s/ Hunter Labovitz
Hunter Labovitz